**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES CHESIRE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| Deportation Officer EDWARD VIGARE, | ) | **Jury Trial Demanded** |
| AND Officers of Immigration and Customs | ) | |
| Enforcement JOHN DOES 1-4. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff James Chesire, by and through his undersigned counsel, hereby alleges as follows for his complaint against Defendants Edward Vigare and John Does 1-4.

**NATURE OF THE CASE**

On or about Wednesday, November 9, 2016, Mr. Chesire was attacked by officers of Immigration and Customs Enforcement (ICE) of the United States Department of Homeland Security (DHS) while in custody in ICE's Chicago, Illinois offices. The officers' demeaning, violent, and unprovoked attack involved physical assault, verbal assault, and excessive use of force, causing Mr. Chesire physical harm and breaking an inviolable constitutional trust. During this attack, several officers violently beat Mr. Chesire, at times while using derogatory racial slurs against him, with the goal of forcing him to endorse documents of unknown content, and of punishing him for not signing them without understanding their contents. As a result of the officers' actions, Mr. Chesire, a father of four young American children, sustained several injuries and continues to experience a deep sense of pain, humiliation, and fear. Mr. Chesire brings this action pursuant to the Fifth Amendment to the United States Constitution and under

87132497.1

the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking damages for the harms that Defendants caused.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Mr. Chesire's *Bivens* constitutional claims pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e) in that a substantial part of the events giving rise to Mr. Chesire's claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff Mr. Chesire, who is 42 years old, husband to a U.S. Citizen, and father to four young United States citizens, is an immigrant of African descent. Mr. Cheshire has been in ICE custody since January of 2015.

4. Defendant Edward Vigare is a Deportation Officer with the U.S. Immigration and Customs Enforcement —the federal agency within the Department of Homeland Security responsible for the detention of non-citizens charged with inadmissibility and deportability from the United States.

5. Defendants John Does 1-4 are, based on information and belief, officials of U.S. Immigration and Customs Enforcement (the "ICE Officers"). On information and belief, the ICE Officers were onsite and personally involved in the violations against Mr. Chesire.

6. At all times relevant to this Complaint, Officer Vigare and the ICE Officers were acting under color of authority of the Department of Homeland Security.

87132497.1
2

## FACTUAL ALLEGATIONS

7. On November 9, 2016, Mr. Chesire was taken to the Department of Homeland Security Chicago office at 101 West Congress Pkwy at the request of his deportation officer, Officer Vigare.

8. There, Officer Vigare summoned Mr. Chesire to an office, where he ordered Mr. Chesire to sign several documents of unknown content.

9. Mr. Chesire asked to read the documents in order to determine their content and inquired whether his attorney had read them or knew of their contents.

10. Officer Vigare responded that neither Mr. Chesire nor his attorney needed to read the documents, and refused to allow Mr. Chesire to do so.

11. Mr. Chesire expressed his hesitation in signing documents without the opportunity to read them and without his attorney present.

12. Officer Vigare became angry at Mr. Chesire's statement, and began to yell and swear at Mr. Chesire, telling him that he would not be allowed to read the documents, and that he would make sure that Mr. Chesire's attorney would be kept out of the matter.

13. Officer Vigare then grabbed Mr. Chesire's index finger, and threatened to break it if he did not comply with Vigare's orders to sign or fingerprint the documents.

14. After Mr. Chesire once again stated that he could not sign the documents without reading them first or having his attorney present, Officer Vigare pushed Mr. Chesire against a table and summoned approximately four ICE officers standing by to come to his side.

15. At Vigare's instigation, the ICE Officers rushed over to Mr. Chesire, slammed him to the floor, and handcuffed his hands tightly behind his back. Mr. Chesire began to beg the officers to loosen the handcuffs, which were squeezed too tightly on his wrists and began to cause him pain and bleeding.

16.     Officer Vigare kneed Mr. Chesire in the head, and then placed his knee on Mr. Chesire's neck, pushing hard and causing Mr. Chesire to struggle for his breath.  Mr. Chesire screamed for help and told Vigare that he couldn't breathe. Vigare responded that he wouldn't move his knee until he could get Mr. Chesire's fingerprint onto the documents.

17.     While Vigare restrained Mr. Chesire with his knee, some of the ICE Officers participated in forcibly holding down Mr. Chesire, while the other participating ICE Officers began to deliver blows to Mr. Chesire's then-restrained body.

18.     As Mr. Chesire screamed for help, Vigare and the other officers forced Mr. Chesire's inked fingerprint onto the unidentified documents, thereby forcing his endorsement of them.

19.     During this attack, while ICE officers violently assaulted Mr. Chesire, and on at least one occasion referred to him using derogatory racial slurs.

20.     After forcibly obtaining Mr. Chesire's fingerprint, Vigare and the other ICE officers dragged Mr. Chesire from the open office area, and into a one-man cell.

21.     Once in the cell, the officers pinned Mr. Chesire against a wall, where they continued to physically assault him.  At this time, one ICE Officer slammed Mr. Chesire's head against the cell wall, causing him to fall and lose consciousness.

22.     Mr. Chesire was handcuffed during this entire episode.  ICE officers did not remove Mr. Chesire's handcuffs before he lost consciousness.

23.     The ICE officers then walked out of the cell, closing the door behind them. On information and belief, witnesses at the scene saw the ICE Officers congratulating each other right outside the cell door.

24. After Mr. Chesire regained consciousness, paramedics arrived at the scene and wheeled Mr. Chesire into an ambulance, after which they transported him to the Rush University Hospital Emergency Room for medical attention.

25. As a result of the officers' attack against Mr. Chesire—and apart from the physical pain and humiliation he endured—Mr. Chesire sustained, among other things, an elbow strain, a sprain of the right shoulder, a sprain of the right ankle, and a head injury.

26. Mr. Chesire continues to experience pain as a result of the harm inflicted on him by ICE officers.

## COUNT I

**(Violation of Substantive Due Process under the Fifth Amendment Pursuant to *Bivens*)**

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 above.

28. Plaintiff is a civil immigrant detainee.

29. It is clearly established that the Fifth Amendment to the U.S. Constitution protects immigrant detainees from, among other things, "harm caused by a defendant's deliberate indifference to the detainee's safety or health." *Belbachir v. County of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013).

30. The defendants' physical assault against Mr. Chesire was deliberate and was undertaken with deliberate indifference to his safety and well-being.

31. The defendants all personally participated in the physical harm inflicted on Mr. Chesire.

32. As a proximate and reasonably foreseeable result of Defendants' actions, Mr. Chesire suffered great bodily injury and harm.

87132497.1                                                     5

33.     At all relevant times during the incident, Defendants were acting under color of their authority under federal law.

34.     Defendants' actions violated Mr. Chesire's substantive due process rights under the Fifth Amendment.

35.     Plaintiff is entitled to actual, compensatory, and punitive damages.

## COUNT II

**(Violation of Equal Protection under the Fifth Amendment Pursuant to *Bivens*)**

36.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 above.

37.     While physically assaulting Mr. Chesire, Defendants referred to him using racial slurs and epithets.

38.     Defendants physically assaulted Mr. Chesire on the basis of his race, ethnicity, and/or national origin—including his place of birth and color of his skin —in violation of Mr. Chesire's equal protection rights under the Fifth Amendment to the U.S. Constitution.

39.     At all relevant times during the assault, Defendants were aware, or reasonably should have been aware, that their targeting of an individual based solely on his race, ethnicity, and/or national origin was an unmistakable violation of a clearly established constitutional right.

40.     The defendants all personally participated in the violation of Mr. Chesire's equal protection under the law.

41.     At all relevant times during the incident, Defendants were acting under color of their authority under federal law.

42.     Defendants' actions violated Mr. Chesire's equal protection rights under the Fifth Amendment.

43.     Plaintiff is entitled to actual, compensatory, and punitive damages.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Chesire respectfully requests that the Court enter judgment:

A.      Declaring that Defendants violated Mr. Chesire's rights under the U.S. Constitution;

B.      Awarding compensatory and punitive damages to Mr. Chesire against Defendants in their individual capacities for the above violations;

C.      Awarding prejudgment interest to Mr. Chesire on any award of damages to the extent permitted by law; and

D.      Granting such other relief as the Court may deem just and proper under the circumstances.

Dated: December 9, 2016

Respectfully submitted,

JAMES CHESIRE

By:      /s/ Andrew C. Porter
         One of his attorneys

Andrew C. Porter
Isabelle Kountz
Iman Boundaoui
Natneal Moges
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL  60606
Phone:          (312) 569-1000
Fax:            (312) 569-3000