UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CHESIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16 cv 11220 |
| | ) | |
| EDWARD VIGARE, Deportation Officer, | ) | Judge Alonso |
| U.S. Immigration and Customs Enforcement, | ) | |
| and JOHN DOES 1-4, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN OPPOSITION TO STAY OF REMOVAL

Immigration and Customs Enforcement (ICE), by and through its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, files this memorandum in opposition to the emergency stay of removal that was issued by Judge Coleman on Saturday, January 21, 2017, in response to plaintiff's motion for a temporary restraining order and preliminary injunction filed on the same date.  Because this court lacks jurisdiction to stay removal orders, plaintiff's motion should be denied.

### Factual Background

Plaintiff is a native and citizen of Kenya who is subject to a final order of removal. Group Exhibit A, Documents from *Chesire v. Lynch,* 15 CV 01303 (S.D. Illinois), Document 1, page 2.[1] It is uncontested that the removal order for plaintiff is final and not subject to legal challenge. Plaintiff's pending habeas petition filed in the Southern District of Illinois is premised on that fact.

---

[1] Plaintiff's immigration history is fully detailed in the record of a pending habeas case filed in the Southern District of Illinois, *Chesire v. Lynch,* 15 CV 01303.   Attached to this memorandum is a group exhibit from that litigation that consists of Document 1, Habeas Petition; Document 10, Response to the Habeas Petition; Document 25, Petitioner's Motion for Ruling on Habeas, Alternate Motion for Discovery; and Document 26, Respondent's Response to Petitioner's Motion for Ruling on Habeas, Alternate Motion for Discovery.

2

Plaintiff's complaint in this case alleges that on November 9, 2016, that immigration officers violently beat him in violation of his constitutional rights.   Complant at page 1.   On Saturday, January 21, 2017, plaintiff filed a motion for temporary restraining order and preliminary injunction alleging that ICE was about to remove plaintiff from the United States and seeking an order from the court preventing ICE from removing plaintiff from the United States until the conclusion of the litigation, including any subsequent appeals. Docket No 9.   Judge Sharon Johnson Coleman entered and continued the motion, but enjoined ICE from removing plaintiff until a hearing on January 24, 2017.[2]

**Argument**

**A.     District Courts Lack Jurisdiction to Stay Final Orders of Removal**

Under the Immigration and Nationality Act, district courts lack jurisdiction to stay final orders of removal.    8 U.S.C. § 1252(g), *Reno v. American-Arab Anti-Discrimination Comm.* 525 U.S. 471 1999); *Fedorca v. Perryman*, 197 F.3d 236 (7th Cir. 1999); *Botezatu v. INS*, 195 F.3d 311 (7th Cir. 1999).   Plaintiff is free to seek a stay on whatever grounds he believes are appropriate, but the provisions provided for above preclude plaintiff from seeking judicial review assuming that the stay has been denied.[3]   There is no exception that qualifies plaintiff for a stay of removal merely because an individual has filed federal litigation.   While it certainly will be more difficult for plaintiff to litigate his case from Kenya, nothing precludes him from doing so.

---

2 Although counsel for plaintiff informed the undersigned Assistant United States Attorney of their intentions to seek a stay of removal and the timeframe for seeking such a stay, the undersigned did not receive a copy of the motion for a temporary restraining order and preliminary injunction until after the order was issued by Judge Coleman.   The undersigned therefore did not participate in any way in the proceedings before Judge Coleman.
3 Plaintiff claims that he has made multiple request to stay his removal and ICE has refused.   A formal request for a stay of removal from ICE is made by filing a Form I-246.   ICE has no record that a Form I-246 has been filed in this case.

3

Furthermore, the underlying case before this court does not include ICE as a party. The underlying *Bivens* complaint is filed against people -- one named officer and four John Doe ICE officers – and not against the government agency responsible for executing removal orders. ICE cannot be bound by a stay order issued against it when it is not a party to this litigation.

**B.** **Chesire's Pending Habeas Litigation is Inconsistent With His Stay Request.**

Plaintiff has pending habeas litigation in the Southern District of Illinois that claims that he should be immediately released from immigration custody because his removal from the United States is not reasonably foreseeable. See Group Exhibit A, Documents from *Chesire v. Lynch*, 15 CV 01303. While he originally filed that litigation prior to the incident that gave rise to this litigation, that case remains pending. Arguing in that case that he should be removed immediately or released from custody is inconsistent with this action that seeks an indefinite stay of removal until the conclusion of this litigation and any resulting appeals.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Craig A. Oswald
CRAIG A. OSWALD
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300
craig.oswald@usdoj.gov