| | | |
|---|---|---|
| JAMES CHESIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 11220 |
| | ) | |
| Department Officer EDWARD VIGARE, and | ) | Judge Alonso |
| Officers of Immigration and Customs | ) | |
| Enforcement ALBERTO OCHOA, ADAM | ) | |
| SARACCO, EDGAR DEL RIVERO, LUIS | ) | |
| GONZALEZ, and THE DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| | | |
| Defendants. | | |

## ANSWER TO SECOND AMENDED COMPLAINT

The United States and the individually named federal defendants, by their attorney, Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, for its answer to the complaint, states as follows:

### First Defense

The defendants are entitled to qualified immunity that bars plaintiff's claims. Defendants did not violate the Constitution, and their actions were discretionary, objectively reasonable under the circumstances, and did not violate plaintiff's clearly established rights.

### Second Defense

Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by defendants.

### Third Defense

Plaintiff failed to state a claim upon which relief can be granted.

**Fourth Defense**

None of the named parties is the proper party for a claim against the United States under the Federal Tort Claims Act, 28 U.S.C § 1346.

**Fifth Defense**

Answering the specific allegations of the complaint, the federal defendants admit, deny, or otherwise aver as follows:

1. **Complaint:** This Court has subject matter jurisdiction over Mr. Chesire's *Bivens* constitutional claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2401(b), and 28 U.S.C § 1346.

    **Response:** The United States admits that plaintiff purports to bring tort claims against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).

2. **Complaint:** Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e) in that a substantial part of the events giving rise to Mr. Chesire's claims occurred in this judicial district.

    **Response:** Admit.

3. **Complaint:** Plaintiff Mr. Chesire, who is 42 years old, husband to a U.S. Citizen, and father to four young United States citizens, is an immigrant of African descent. Mr. Chesire has been in ICE custody since January of 2015.

    **Response:** The federal defendants are without sufficient information to admit or deny the allegations in the first sentence of paragraph 3; accordingly they are denied. The federal defendants admit the second sentence of paragraph 3.

4. **Complaint:** Defendant Edward Vigare is a Deportation Officer with ICE —the federal agency within DHS responsible for the detention of non-citizens charged with inadmissibility and deportability from the United States.

    **Response:** Admit.

5. **Complaint:** Defendant Alberto Ochoa is an officer with ICE and was personally involved in the violations against Mr. Chesire.

**Response:** Admit.

6. **Complaint:** Defendant Adam Saracco is an officer with ICE and was personally involved in the violations against Mr. Chesire.

**Response:** Admit.

7. **Complaint:** Defendant Edgar Del Rivero is an officer with ICE and was personally involved in the violations against Mr. Chesire.

**Response:** Admit.

8. **Complaint:** Defendant Luis Gonzalez is an officer with ICE and was personally involved in the violations against Mr. Chesire.

**Response:** Admit.

9. **Complaint:** Defendant DHS is an executive agency of the federal government.

**Response:** Admit.

10. **Complaint:** At all times relevant to this Complaint, the Defendants were acting under color of authority of DHS.

**Response:** Admit.

11. **Complaint:** On November 9, 2016, Mr. Chesire was taken to the DHS Chicago office at 101 West Congress Pkwy at the request of DHS and his deportation officer, Officer Vigare.

**Response:** Deny.

12. **Complaint:** There, Officer Vigare summoned Mr. Chesire to an office, where he ordered Mr. Chesire to sign several documents of unknown content.

**Response:** Deny.

13. **Complaint:** Mr. Chesire asked to read the documents in order to determine their content and inquired whether his attorney had read them or knew of their contents.

**Response:** Deny.

14. **Complaint:** Officer Vigare responded that neither Mr. Chesire nor his attorney needed to read the documents, and refused to allow Mr. Chesire to do so.

**Response:**    Deny.

15.    **Complaint:**    Mr. Chesire expressed his hesitation in signing documents without the opportunity to read them and without his attorney present.

**Response:**    Deny.

16.    **Complaint:**    Officer Vigare became angry at Mr. Chesire's statement, and began to yell and swear at Mr. Chesire, telling him that he would not be allowed to read the documents, and that he would make sure that Mr. Chesire's attorney would be kept out of the matter.

**Response:**    Deny.

17.    **Complaint:**    Officer Vigare then grabbed Mr. Chesire's index finger, and threatened to break it if he did not comply with Vigare's orders to sign or fingerprint the documents.

**Response:**    Deny.

18.    **Complaint:**    After Mr. Chesire once again stated that he could not sign the documents without reading them first or having his attorney present, Officer Vigare pushed Mr. Chesire against a table and summoned the remaining Defendants standing by to come to his side.

**Response:**    Deny.

19.    **Complaint:**    At Vigare's instigation, the Defendants rushed over to Mr. Chesire, slammed him to the floor, and handcuffed his hands tightly behind his back. Mr. Chesire began to beg the officers to loosen the handcuffs, which were squeezed too tightly on his wrists and began to cause him pain and bleeding.

**Response:**    Deny.

20.    **Complaint:**    Officer Vigare kneed Mr. Chesire in the head, and then placed his knee on Mr. Chesire's neck, pushing hard and causing Mr. Chesire to struggle for his breath. Mr. Chesire screamed for help and told Vigare that he couldn't breathe. Vigare responded that he wouldn't move his knee until he could get Mr. Chesire's fingerprint onto the documents.

**Response:**    Deny.

21.    **Complaint:**    While Vigare restrained Mr. Chesire with his knee, some of the remaining Defendants participated in forcibly holding down Mr. Chesire, while the other participating Defendants began to deliver blows to Mr. Chesire's then-restrained body.

**Response:**    Deny.

22.    **Complaint:**    As Mr. Chesire screamed for help, the Defendants forced Mr. Chesire's inked fingerprint onto the unidentified documents, thereby forcing his endorsement of them.

**Response:** Admit that the deportation officers obtained plaintiff's signature on a warrant of deportation. Deny the remaining allegations in paragraph 22.

23. **Complaint:** During this attack, while the Defendants violently assaulted Mr. Chesire, on at least one occasion they referred to him using derogatory racial slurs.

**Response:** Deny.

24. **Complaint:** After forcibly obtaining Mr. Chesire's fingerprint, the Defendants dragged Mr.

**Response:** The federal defendants are without sufficient information to admit or deny the allegations in the sentence fragment contained in paragraph 24; accordingly they are denied.

25. **Complaint:** Once in the cell, the Defendants pinned Mr. Chesire against a wall, where they continued to physically assault him. At this time, one of the Defendants slammed Mr. Chesire's head against the cell wall, causing him to fall and lose consciousness.

**Response:** Deny.

26. **Complaint:** Mr. Chesire was handcuffed during this entire episode. The Defendants did not remove Mr. Chesire's handcuffs before he lost consciousness.

**Response:** Deny.

27. **Complaint:** The Defendants then walked out of the cell, closing the door behind them. On information and belief, witnesses at the scene saw the Defendants congratulating each other right outside the cell door.

**Response:** Deny.

28. **Complaint:** After Mr. Chesire regained consciousness, paramedics arrived at the scene and wheeled Mr. Chesire into an ambulance, after which they transported him to the Rush University Hospital Emergency Room for medical attention.

**Response:** Deny that Mr. Chesire ever lost consciousness. Admit that plaintiff was taken at his request to Rush Hospital for a medical examination. Deny the remaining allegations in paragraph 28.

29. **Complaint:** As a result of the officers' attack against Mr. Chesire—and apart from the physical pain and humiliation he endured—Mr. Chesire sustained, among other things, an elbow strain, a sprain of the right shoulder, a sprain of the right ankle, and a head injury.

**Response:** Deny.

30. **Complaint:** Mr. Chesire continues to experience pain as a result of the harm inflicted on him by the Defendants.

**Response:** The federal defendants are without sufficient information to admit or deny the allegations contained in paragraph 30; accordingly they are denied.

31. **Complaint:** On November 16, 2016, Mr. Chesire filed a Federal Tort Claims Act complaint against DHS and ICE.

**Response:** Admit.

32. **Complaint:** On June 12, 2017, DHS notified Mr. Chesire that his FTCA against DHS and ICE was denied.

**Response:** Admit.

## COUNT I

### (Violation of Substantive Due Process under the Fifth Amendment Pursuant to *Bivens*)

33. **Complaint:** Mr. Chesire re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 above.

**Response:**

34. **Complaint:** Mr. Chesire is a civil immigrant detainee.

**Response:** Admit.

35. **Complaint:** It is clearly established that the Fifth Amendment to the U.S. Constitution protects immigrant detainees from, among other things, "harm caused by a defendant's deliberate indifference to the detainee's safety or health." *Belbachir v. County of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013).

**Response:** Paragraph 35 is a statement of law as to which no response is required.

36. **Complaint:** The Defendants' physical assault against Mr. Chesire was deliberate and was undertaken with deliberate indifference to his safety and well-being.

**Response:** Deny.

37. **Complaint:** The Defendants all personally participated in the physical harm inflicted on Mr. Chesire.

**Response:** Deny.

38. **Complaint:** As a proximate and reasonably foreseeable result of Defendants' actions, Mr. Chesire suffered great bodily injury and harm.

**Response:** Deny.

39. **Complaint:** At all relevant times during the incident, Defendants were acting under color of their authority under federal law.

**Response:** Admit.

40. **Complaint:** Defendants' actions violated Mr. Chesire's substantive due process rights under the Fifth Amendment.

**Response:** Deny.

41. **Complaint:** Mr. Chesire is entitled to actual, compensatory, and punitive damages.

**Response:** Deny.

## COUNT II

**(Violation of Equal Protection under the Fifth Amendment Pursuant to *Bivens*)**

42. **Complaint:** Mr. Chesire re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 above.

**Response:**

43. **Complaint:** While physically assaulting Mr. Chesire, Defendants referred to him using racial slurs and epithets.

**Response:** Deny.

44. **Complaint:** Defendants physically assaulted Mr. Chesire on the basis of his race, ethnicity, and/or national origin—including his place of birth and color of his skin —in violation of Mr. Chesire's equal protection rights under the Fifth Amendment to the U.S. Constitution.

**Response:** Deny.

7

45. **Complaint:** At all relevant times during the assault, Defendants were aware, or reasonably should have been aware, that their targeting of an individual based solely on his race, ethnicity, and/or national origin was an unmistakable violation of a clearly established constitutional right.

**Response:** Deny.

46. **Complaint:** The Defendants all personally participated in the violation of Mr. Chesire's equal protection under the law.

**Response:** Deny.

47. **Complaint:** At all relevant times during the incident, Defendants were acting under color of their authority under federal law.

**Response:** Admit.

48. **Complaint:** Defendants' actions violated Mr. Chesire's equal protection rights under the Fifth Amendment.

**Response:** Deny.

49. **Complaint:** Mr. Chesire is entitled to actual, compensatory, and punitive damages.

**Response:** Deny.

## COUNT III
### (Violation of the Federal Tort Claims Act against DHS)

50. **Complaint:** Mr. Chesire re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 49 above.

**Response:**

51. **Complaint:** The Defendants intentionally and unlawfully assaulted Mr. Chesire, causing personal injury.

**Response:** Deny.

52. **Complaint:** The Defendants were acting within the scope of their employment when they committed these acts.

**Response:** Deny.

53. **Complaint:** DHS is liable for the negligent or wrongful acts of its employees pursuant to the FTCA.

**Response:** Admit.

54. **Complaint:** Mr. Chesire is entitled to actual, compensatory, and punitive damages.

**Response:** Deny.

55. **Complaint:** Mr. Chesire filed a claim with the Department of Homeland Security based on these injuries in accordance with the FTCA, and his claim was denied.

**Response:** Admit.

56. **Complaint:** Mr. Chesire has exhausted all administrative remedies for his FTCA claim.

**Response:** Admit.

WHEREFORE, defendants requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully Submitted,

JOEL R. LEVIN
Acting United States Attorney

By:     s\ Craig A. Oswald
CRAIG A. OSWALD
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9080
craig.oswald@usdoj.gov